UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| VOLTAGE PICTURES, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| RICHARD BALL, | ) DEMAND FOR JURY TRIAL |
| Defendant. | )<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, VOLTAGE PICTURES, LLC, by and through its attorneys, sues the Defendant, RICHARD BALL, for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Voltage Pictures, LLC ("Plaintiff"), is a California Limited Liability Company with a principal place of business located at 6360 Deep Dell Place, Los Angeles, CA 90068.

2. Defendant, Richard Ball ("Defendant"), is an individual who, on information and belief, resides at 15158 Madison Run Road, Gordonsville, VA 22942.

3. Personal jurisdiction is proper because the Defendant resides in the District and/or the act(s) of infringement complained of herein occurred in the District.

4. This Court has subject matter jurisdiction over these federal question claims pursuant to 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 1331(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C.

§1400(a).

## FACTUAL BACKGROUND

### The Copyrighted Motion Picture

6.  Plaintiff is engaged in the production, acquisition, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution.

7.  Plaintiff is responsible for the creation, development, and production of the commercially released motion picture entitled *The Hurt Locker*, the winner of six Academy Awards, including Best Motion Picture of the Year, which has significant value and has been produced and created at considerable expense.

8.  At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent exclusive copyrights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to the copyrighted motion picture *The Hurt Locker* (including screenplays and derivative works, the "Copyrighted Motion Picture"), which Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations #s PAu003078487, PAu003454798, V3554D772, and V3554D991 issued by the Register of Copyrights.

9.  The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

### The Online Media Distribution System

10.  The "BitTorrent protocol" or "torrent" is an online media distribution system which users of peer-to-peer ("P2P") networks use to transfer data files such as digital audio/music files, digital pictures, and digital movies.

11.  The BitTorrent protocol makes even small computers with low bandwidth capable

of participating in large data transfers across a P2P network.

12. The initial file-provider intentionally elects to share a file with a torrent network called a "seed."

13. Other users ("peers") on the network connect to the seed file to download the file, wherein the download creates a free digital copy of the Plaintiff's copyrighted motion picture.

14. As yet additional peers request the same file, each additional user becomes a part of the network from where the file can be downloaded.

15. The BitTorrent protocol works by allowing each new file downloader to receive a different piece of the data from each peer who has already downloaded the file that together comprises the whole, which is typically referred to as a "swarm."

16. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users such that as more peers join the swarm, the likelihood of a successful download increases.

17. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file.

18. The effect of the BitTorrent protocol is to make every downloader also an uploader of the illegally transferred file(s), which means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

19. Due to the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material in numerous jurisdictions around the country.

### The Infringement of the Copyrighted Motion Picture

20. Plaintiff is informed and believes that Defendant, without the permission or consent of the Plaintiff, has and continues to use BitTorrent protocol to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture.

21. More specifically, Defendant, on information and belief, without the permission or consent of the Plaintiff, downloaded and distributed the Copyrighted Motion Picture using the BitTorrent protocol on 5/24/2010 at 12:13:50 PM (UTC) via the IP address 72.168.196.203, which was provided by Defendant's Internet Service Provider ("ISP"), Hughes Network Systems.

22. Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.

23. As a result of Defendant's acts of infringement, Plaintiff has been damaged.

### COUNT I - COPYRIGHT INFRINGEMENT/ VIOLATION OF 17 U.S.C. §§ 101, ET SEQ.

24. At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent valid and exclusive copyrights for the Copyrighted Motion Picture, *The Hurt Locker*.

25. Defendant violated Plaintiff's exclusive rights of reproduction and distribution for the Copyrighted Motion Picture by downloading (reproducing) and uploading (distributing) *The Hurt Locker*, using the BitTorrent protocol.

26. Defendant's acts constitute infringement of Plaintiff's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*).

27. Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.

28. As a result of the Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

29. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

30. Plaintiff is entitled to injunctive relief prohibiting the Defendant from further infringing the Plaintiff's copyright and ordering that the Defendant destroy all copies of Copyrighted Motion Picture made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays that this Honorable Court grant the following relief against the Defendant:

1. Enter a permanent injunction providing that Defendant shall:

   (a) be enjoined from directly or indirectly infringing the Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff; and,

   (b) destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and

shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in the Defendant's possession, custody, or control; and,

2. Award statutory damages pursuant to 17 U.S.C. § 504, but in no event less than $30,000 per infringement and up to $150,000 per infringement should the Court find any infringement to be willful or intentional; and,

3. Award Plaintiff reasonable attorneys' fees, costs, and interest; and,

4. Award all other such and further relief as the Court deems just and proper.

                                            Respectfully Submitted,
                                            VOLTAGE PICTURES, LLC,
                                            By Its Attorney,

DATED: January 19, 2011               Thomas M. Dunlap, VSB #44016
                                            Nicholas A. Kurtz, VSB #79326
                                            David Ludwig, Esq. VSB #73157
                                            DUNLAP, GRUBB & WEAVER, PLLC
                                            199 Liberty Street, SW
                                            Leesburg, VA 20175
                                            Telephone: 703-777-7319
                                            Facsimile: 703-777-3656
                                            tdunlap@dglegal.com /
                                            nkurtz@dglegal.com
                                            *Counsel for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Achte/Neunte Boll Kino Beteiligungs GMBH & Co KG, hereby demands a trial by jury.

                                                    Respectfully Submitted,
                                                  VOLTAGE PICTURES, LLC,
                                                  By Its Attorney,

DATED: January 19, 2011                 Thomas M. Dunlap, Esq. VSB #44016
                                                  Nicholas A. Kurtz, Esq. VSB #79326
                                                  David Ludwig, Esq. VSB #73157
                                                  DUNLAP, GRUBB & WEAVER, PLLC
                                                  199 Liberty Street, SW
                                                  Leesburg, VA 20175
                                                  Telephone: 703-777-7319
                                                  Facsimile: 703-777-3656
                                                  tdunlap@dglegal.com /
                                                  nkurtz@dglegal.com
                                                  *Counsel for the Plaintiff*